**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN TIKAL, | ) NO. ED CV 17-1554-DMG(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| STEVE LANGFORD, Warden, | ) |
| Respondent. | ) |

**BACKGROUND**

On August 3, 2017, Petitioner, a federal prisoner, filed a putative habeas corpus petition pursuant to 28 U.S.C. section 2241. Petitioner alleges that prison officials at the Federal Correctional Institution at Lompoc, California, transferred Petitioner to a Special Housing Unit ("SHU"), assertedly in retaliation for allegedly filing a complaint concerning the alleged destruction of Petitioner's mail. Petitioner alleges that prison officials improperly justified the transfer as an "investigation hold." Petitioner further contends that Petitioner presently is denied telephone, email and recreation

privileges and law library access. Petitioner also contends that the SHU placement violated due process and that any administrative remedy is "futile." Petitioner seeks restoration to his previous status, a "cease and desist" order preventing "all illegal intimidation" and damages in the sum of $500.

**DISCUSSION**

Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation omitted). A challenge to the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 487-89 (1973); Nettles v. Grounds, 830 F.3d 922, 927-29 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017). A civil rights action is the exclusive vehicle for an inmate's claim that does not fall within the "core" of habeas corpus, such as a challenge to the conditions of confinement. Nettles v. Grounds, 830 F.3d at 931-34. Accordingly, Petitioner may not use the present habeas corpus Petition to bring claims regarding allegedly unlawful conditions of confinement. Petitioner may attempt to assert such claims through the vehicle of a civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens").[1]

---

[1] The Court expresses no opinion regarding whether a Bivens remedy is available to Petitioner on the claims alleged in the Petition. See Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) (limiting reach of Bivens remedies).

2

This Court declines to exercise its discretion to convert the present Petition into a Bivens complaint. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles v. Grounds, 830 F.3d at 936 (citations and internal quotations omitted). The Petition is not "amenable to conversion on its face." Petitioner identifies only the prison Warden as Respondent, does not assert that the Warden had any personal involvement in any alleged civil rights violations[2] and does not name as defendants any individuals who purportedly violated Petitioner's civil rights.

Additionally, "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects - such as . . . filing fees, the means of collecting them, and restrictions on future filings - that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." Nettles v. Grounds, 830 F.3d at 935-36 (citations and internal quotations omitted); see also id. at 932 n.8 (describing differences between procedural requirements applicable to habeas corpus actions and to civil rights actions). Accordingly, conversion of the present Petition into a Bivens

---

[2] See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates on a theory of *respondeat superior*"). A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." Id. at 677.

complaint would be inappropriate. See <u>Glaus v. Anderson</u>, 408 F.3d 382, 388 (7th Cir. 2005) (court relied on myriad differences between habeas actions and civil rights actions in affirming district court's refusal to recharacterize a habeas petition as a civil rights complaint); <u>Jorgenson v. Spearman</u>, 2016 WL 2996942, at *1 (C.D. Cal. May 22, 2016) (declining to convert a flawed habeas petition into a civil rights complaint "in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters"); <u>Wise v. Gore</u>, 2016 WL 6581849, at *2 & n.1 (S.D. Cal. Nov. 7, 2016) (petition not amenable to conversion to a civil rights complaint where some of petitioner's claims sounded in habeas while others did not).

**ORDER**

For the foregoing reasons, the Petition and the action are dismissed without leave to amend but without prejudice.

DATED: August 28, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented this 7th day
of August, 2017, by:


      /s/
_____
    CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

4